UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

        v.

JOHN BARKSDALE, and JONATINA L. BARKSDALE,

                    Defendants.

Case No. 1:22-cv-1933

---

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR AN ORDER PERMITTING SERVICE BY EMAIL

Melissa J. Armstrong*
Christopher J. Carney
Matthew B. Reisig

ATTORNEYS FOR PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549
Tel: 202-551-2379 (Carney)

*Admitted *pro hac vice*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1
RELEVANT PROCEDURAL HISTORY ................................................................................... 2
THE COMMISSION'S UNSUCCESSFUL EFFORTS TO LOCATE MS. BARKSDALE .. 8
ARGUMENT .................................................................................................................................. 8
    I.    Standard For Alternative Service Under Rule 4(f) ................................................. 8
    II.    The Court Should Permit Service On Ms. Barksdale By Email ........................... 8
CONCLUSION .............................................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14 Civ. 9913 (KMK), 2015 WL 3457452 (S.D.N.Y. 2015) .................................................................................................................. 7, 8

*CKR L. LLP v. Anderson Invs. Int'l, LLC*, 525 F. Supp. 3d 518 (S.D.N.Y. 2021) .......................... 6

*Ehrenfeld v. Salim a Bin Mahfouz*, No. 04 Civ. 9641 (RCC), 2005 WL 696769 (S.D.N.Y. Mar. 23, 2005) ............................................................................................................................ 7

*Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374 (S.D.N.Y. 2018) ........................................ 6

*Fortunato v. Chase Bank USA, N.A.*, No. 11 Civ. 6608 (JFK), 2012 WL 2086950 (S.D.N.Y. June 7, 2012), *adhered to on reconsideration*, No. 12-CV-5754 LAK, 2015 WL 998455 (S.D.N.Y. Mar. 5, 2015). ............................................................................................................................ 7

*Malletier v. lvhut.net*, No. 22-CV-60228, 2022 WL 393369 (S.D. Fla. Feb. 7, 2022) ................... 5

*Merrimack Mut. Ins. Co. v. New Widetech Indus. Co.*, No. 3:20CV546 (MPS), 2020 WL 5879405 (D. Conn. Oct. 2, 2020) ............................................................................................... 6

*Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950) .................................................. 6

*Noble Sec., Inc. v. Ingamar Co.*, No. 21-CV-1372 (MKB), 2021 WL 2012508 (E.D.N.Y. May 20, 2021) ..................................................................................................................................... 6

*Nowak v. XAPO, Inc.,* No. 20-CV-03643-BLF, 2020 WL 5877576 (N.D. Cal. 2020) .................. 6

*NYKCool A.B. v. Pac. Int'l Servs., Inc.*, 66 F. Supp. 3d 385 (S.D.N.Y. 2014) ............................... 7

*Pearson Educ. Inc. v. Doe 1*, No. 18-CV-7380 (PGG) (OTW), 2019 WL 6498305 (S.D.N.Y. Dec. 2, 2019) .............................................................................................................................. 6

*Philip Morris USA Inc. v. Veles Ltd.*, No. 06 Civ. 2988 (GBD), 2007 WL 725412 (S.D.N.Y. Mar. 12, 2007) ............................................................................................................................ 7

**Rules**

Fed. R. Civ. P. 4(f) ............................................................................................................ 1, 3, 5, 6

**Treatises**

Status Table, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited June 14, 2022) ........................................................................................................................................... 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiff,<br><br>    v.<br><br>JOHN BARKSDALE, and JONATINA L. BARKSDALE,<br><br>         Defendants. | Case No. 1:22-cv-1933 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION FOR AN ORDER PERMITTING SERVICE BY EMAIL**

  Plaintiff Securities and Exchange Commission (the "Commission") respectfully submits this memorandum of law in support of its motion for an order permitting it to serve Defendant JonAtina L. Barksdale ("Ms. Barksdale") by email pursuant to Federal Rule of Civil Procedure ("Rule") 4(f)(3).

**PRELIMINARY STATEMENT**

  The Commission has obtained information indicating that Ms. Barksdale is in Indonesia. The Commission is unable to serve her through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") because Indonesia is not a signatory to the Hague Convention, and, despite the Commission's reasonable and diligent efforts, it has been unable to locate her present address. The Commission therefore seeks an order permitting it to serve Ms. Barksdale by email, which would provide her with notice of this lawsuit, comport with constitutional due process, and advance the administration of justice. Indeed, Ms. Barksdale used the relevant

email address to communicate with the Commission staff as recently as April 2022, in which she specifically expressed her intention to respond to this lawsuit.  Further, when she was previously represented by counsel during the course of the Commission's investigation, her counsel identified the relevant email address as hers.

## RELEVANT PROCEDURAL HISTORY

The Commission commenced this action on March 8, 2022, seeking injunctive relief, disgorgement, and civil penalties as to Ms. Barksdale and her brother, Defendant John Barksdale, both of whom are United States citizens living abroad.[1]  On March 14, 2022, the Commission filed a first amended complaint ("Complaint") seeking the same relief against the Defendants.  As alleged in the Complaint, from at least June 2017 to April 2018, Defendants fraudulently offered and sold unregistered securities in the form of subscription packages in Ormeus Global, S.A., a multi-level marketing business.  Complaint, ¶ 1.  Also starting in June 2017 and continuing through the present, Defendants fraudulently offered and sold unregistered securities in the form of the digital asset Ormeus Coin.  *Id*.

To induce more investors to join their scheme, Defendants made misrepresentations to the public about the size and scale of Ormeus Coin's digital asset mining operation.  *Id.*, ¶¶ 3-6.  Although Ormeus Coin mined digital assets for less than a year, and generated less than $3 million in total revenue during that time, Defendants misrepresented at various times that the

---

[1] The Commission is still in the process of trying to physically serve John Barksdale at the location identified in the request for issuance of summons that the Commission filed under seal on April 18, 2022.  *See* Dkt. No. 10.  Before the foreign process server could attempt service, the Commission was required to obtain a power of attorney with an apostille, which necessitated certifications from both the U.S. State Department and the foreign government.  Since that time, the process server's attempts to effect service on Mr. Barksdale have yet to be successful.  Accordingly, the Commission requests that the Court allow it an additional 45 days (until August 1, 2022) in which to attempt to serve Mr. Barksdale, at which point the Commission would also move to serve Mr. Barksdale by alternative means.

operation was generating $5.4 million to $8 million in revenue each month. *Id.*, ¶ 4. Defendants also misrepresented that Ormeus Coin had hundreds of millions of dollars' worth of digital asset mining equipment at a time when it had less than $1 million of equipment in actual operation. *Id.* Those misrepresentations continued long after the operation ceased altogether. *Id.* Defendants also misrepresented to investors that they held more than $190 million in digital assets, by displaying the digital wallet of an unrelated third party, while in reality Ormeus Coin's own digital wallet held less than $500,000 in assets. *Id.*, ¶ 5. As alleged in the Complaint, through their fraudulent actions, Defendants have raised at least $124 million from over 20,000 investors in the United States and various countries around the world. *Id.*, ¶ 9. Defendants spent millions of dollars in investor's money on personal travel and real estate. *Id.*

On April 18, 2022, the Commission moved the Court to adjourn the scheduled initial conference and to extend the time to file a proposed scheduling order, until after the Commission has been able to effect service upon the Defendants. Dkt. No. 9. The Commission further requested that it be given an additional 60 days, until June 17, 2002, to serve the Defendants, after which time it proposed to move the Court pursuant to Federal Rule of Civil Procedure 4(f)(3) for permission to employ alternative means of service.[2] *Id.* The Court granted the motion on April 19, 2022. Dkt. No. 10.

**THE COMMISSION'S UNSUCCESSFUL EFFORTS TO LOCATE MS. BARKSDALE**

As previously described in the Commission's April 18, 2022 letter motion, on March 30, 2022, the Commission emailed Ms. Barksdale a copy of the First Amended Complaint, the

---

[2] The time limit for serving a defendant under Federal Rule of Civil Procedure 4(m) does not apply to service of defendants in foreign countries under Rule 4(f). *See* Fed. R. Civ. P. 4(m). Nonetheless, mindful of the fact that the Court had already scheduled an initial conference, the Commission moved for additional time to effect service.

Court's March 29, 2022 Order, and other documents required to be served by the Court's local rules. Dkt. No. 9; *see also* Declaration of Matthew B. Reisig ("Reisig Decl.") at ¶ 8 and Exh. B thereto. The Commission requested that Ms. Barksdale provide a physical address at which service could be effected or to which waiver of service materials could be sent, and included copies of the waiver of service documents. Dkt. No. 9; *see also* Reisig Decl. at ¶ 8 and Exh. B thereto. On April 14, 2022, Ms. Barksdale responded, indicating that the Commission's email had been directed to her spam folder and that she would seek counsel and respond to the Commission. Dkt. No. 9; *see also* Reisig Decl. at ¶ 8 and Exh. B thereto. The Commission replied to Ms. Barksdale's email on April 15, 2022, and reiterated the request that she provide the Commission with an address at which to serve her with the complaint, or alternatively, to send her waiver of service materials. *See* Reisig Decl. at ¶ 8 and Exh. B thereto. Two months have passed and, despite having responded to the Commission's original email, Ms. Barksdale has yet to respond to this latest email.

Ms. Barksdale also produced communications and documents to the SEC during its investigation including more than 1,250 using the account tinabarksdale@gmail.com between June 1, 2017 and August 14, 2019. For example, as reflected in an email dated July 3, 2019, Ms. Barksdale has used the email account tinabarksdale@gmail.com. *See* Reisig Decl. at ¶ 7 and Exh. A thereto. Moreover, during the Commission's investigation of Ms. Barksdale, she was previously represented by counsel. Her former counsel told the Commission's investigative staff that these email addresses are indeed those of Ms. Barksdale. *See id*. at ¶ 6.

In addition to trying to obtain an address directly from Ms. Barksdale, the Commission also undertook other efforts to locate her in order to effect service. The Commission learned during the course of these efforts, including based on publicly available information, that Ms.

4

Barksdale may be in Indonesia.  The Commission subsequently discovered via diplomatic channels that upon her entry to Indonesia in April 2021, Ms. Barksdale had indicated that she would be staying in Bali.  *See id*. at ¶ 9.  Unfortunately, although the information obtained by the Commission included a street name in Bali, it did not list a house number.  *Id.*

## ARGUMENT

### I.  Standard For Alternative Service Under Rule 4(f)

Service of process on a foreign party is governed by Rule 4(f), which provides three methods of service:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the [Hague Convention];
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . ; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

The Hague Convention, is unavailable for service of process on Ms. Barksdale, because—assuming she is still located there—Indonesia is not a signatory to the Hague Convention.  *See* Status Table, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited June 14, 2022); *see also Malletier v. lvhut.net*, No. 22-CV-60228, 2022 WL 393369, at *1, n. 1 (S.D. Fla. Feb. 7, 2022) (noting that Indonesia is not a signatory to the Hague Convention).  Moreover, Ms. Barksdale's specific address is unknown, despite the Commission's efforts to obtain it.  *See* Reisig Decl. at ¶ 10.

5

In such circumstances, courts have held that alternative service under Rule 4(f)(3) is appropriate, so long as it is not prohibited by international agreement and the method comports with due process. *See CKR L. LLP v. Anderson Invs. Int'l, LLC*, 525 F. Supp. 3d 518, 523 (S.D.N.Y. 2021) (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950)). The Commission is not aware of any international agreement with Indonesia that would prohibit alternative service under Rule 4(f)(3) in the manner requested here. *See Nowak v. XAPO, Inc.*, No. 20-CV-03643-BLF, 2020 WL 5877576, at *4 (N.D. Cal. Oct. 2, 2020) (authorizing alternative service by email in Indonesia as "international agreements between the United States and Indonesia do not prohibit service of process by email or social media").

To satisfy constitutional standards of due process and thus Rule 4(f)(3), the means of service must be "'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 379 (S.D.N.Y. 2018) (quoting *Mullane*, 339 U.S. at 314). "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Noble Sec., Inc. v. Ingamar Co.*, No. 21-CV-1372 (MKB), 2021 WL 2012508, at *4 (E.D.N.Y. May 20, 2021) (quoting *Merrimack Mut. Ins. Co. v. New Widetech Indus. Co.*, No. 3:20CV546 (MPS), 2020 WL 5879405, at *1 (D. Conn. Oct. 2, 2020)).

II.     **The Court Should Permit Service On Ms. Barksdale By Email**

"It is well-settled that service by email on foreign defendants" meets "constitutional standards of due process" in appropriate cases and is thus a proper method of alternative service under Rule 4(f)(3). *Elsevier, Inc.*, 287 F. Supp. 3d at 379 (collecting cases); *accord Pearson Educ. Inc. v. Doe 1*, No. 18-CV-7380 (PGG) (OTW), 2019 WL 6498305, at *3 (S.D.N.Y. Dec.

2, 2019) ("Email service has also repeatedly been found by courts to meet the requirements of due process.") (quoting *Elsevier*, 287 F. Supp. 3d at 379).  As this Court has observed, "as a general matter, 'in those cases where service by email has been judicially approved, the movant supplied the Court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address.'" *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, 66 F. Supp. 3d 385, 391 (S.D.N.Y. 2014) (quoting *Fortunato v. Chase Bank USA, N.A.*, No. 11 Civ. 6608 (JFK), 2012 WL 2086950, at *2 (S.D.N.Y. June 7, 2012)), *adhered to on reconsideration*, No. 12-CV-5754 LAK, 2015 WL 998455 (S.D.N.Y. Mar. 5, 2015).

For example, "courts have upheld service via e-mail [in] . . . cases [that] involved email addresses undisputedly connected to the defendants and that the defendants used for business purposes." *Ehrenfeld v. Salim a Bin Mahfouz*, No. 04 Civ. 9641 (RCC), 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005); *see also NYKCool A.B.*, 66 F. Supp. 3d at 391-92 (permitting service by e-mail upon attorneys who had appeared on behalf of defendant to challenge previous attempt at service); *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14 Civ. 9913 (KMK), 2015 WL 3457452, at *9 (S.D.N.Y. 2015) (approving service by email under Rule 4(f)(3) where moving party presented evidence that defendant had recently used email address); *Philip Morris USA Inc. v. Veles Ltd.*, No. 06 Civ. 2988 (GBD), 2007 WL 725412, at *2-3 (S.D.N.Y. Mar. 12, 2007) (permitting service by email where plaintiff demonstrated that email correspondence was likely to reach defendant).

Service on Ms. Barksdale by email comports with constitutional notions of due process while promoting the speedy administration of justice.  Ms. Barksdale used one of the email address the Commission proposes to serve her at — tinabarksdale@gmail.com—as recently as April 2022, in communications with the Commission staff about this litigation.

7

*See* Reisig Decl. at ¶ 8 and Exh. C thereto. Additionally, Ms. Barksdale also produced thousands of documents to the Commission during its investigations in which she used the relevant email address between June 1, 2017 and August 14, 2019. *See id*. at ¶ 7. Furthermore, Ms. Barksdale's former counsel confirmed to the Commission, in response to a formal subpoena issued by the Commission, that this email addresses is indeed hers. *See* Reisig Decl. at ¶ 6. Consequently, Ms. Barksdale is "likely to receive service via" the identified email addresses. *See AMTO, LLC,* 2015 WL 3457452, at *9.

## CONCLUSION

For the reasons stated above, the Court should enter an order permitting the Commission to serve Ms. Barksdale by email, and extending by 45 days—until August 1, 2022—the time to attempt service upon John Barksdale.

Dated: June 17, 2022

        Respectfully submitted,

        SECURITIES AND EXCHANGE COMMISSION

        /s/ *Christopher J. Carney*
        Melissa J. Armstrong*
        Christopher J. Carney
        Matthew B. Reisig

        *Admitted *pro hac vice*

        U.S. Securities and Exchange Commission
        100 F Street, N.E.
        Washington, DC 20549
        Tel: 202-551-2379 (Carney)
        carneyc@sec.gov